[Civ. No. 657. First Appellate District.—February 23, 1910.]

## J. M. McELHANEY, Appellant, v. SARAH M. McPHER-SON, Respondent.

ACTION UPON ORAL PROMISE OF WIFE TO PAY HUSBAND'S DEBT—CONSIDERATION OF RELEASE—SUPPORT OF FINDING AND JUDGMENT.—In this action upon an alleged oral promise by the defendant to pay to plaintiff the sum of $725 in consideration of a release by plaintiff of a debt in that sum due from her husband to plaintiff, it is held that a finding that defendant never promised to pay to plaintiff that sum or any other sum is sustained by sufficient evidence appearing in the records and is controlling as to the judgment for defendant.

ID.—BRIEF OF APPELLANT—CREDIBILITY OF WITNESSES—DEPOSITIONS—REVIEW UPON APPEAL.—The brief for appellant, in so far as it discusses the credibility of witnesses, presents matters with which this court has nothing to do; and the fact that much of the testimony was read from depositions does not affect the rule.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

F. J. Hambly, for Appellant.

Rogers, Bloomingdale & Free, for Respondent.

HALL, J.—Plaintiff appealed from the judgment in favor of the defendant and the order denying his motion for a new trial.

The action was brought to recover from defendant the sum of $725, which it is alleged she orally promised to pay plaintiff in consideration of the release and discharge by plaintiff of an antecedent and existing obligation due to plaintiff from one S. A. McPherson (the husband of defendant). (Civ. Code, sec. 2794, subd. 3.)

The court found in favor of plaintiff as to the existence of the obligation alleged to be due from S. A. McPherson to plaintiff, but found that defendant did not promise or agree

to pay plaintiff $725, or any other sum, for a release or discharge of such obligation, and that plaintiff did not cancel or release such obligation.

Plaintiff attacks the sufficiency of the evidence to support the findings in favor of defendant.

That the evidence in the record is sufficient to support the finding that defendant did not promise or agree to pay plaintiff the sum of $725 or any other sum we have no doubt.

Plaintiff and S. A. McPherson had had certain dealings for the sale of certain land belonging to said McPherson. S. A. McPherson had sued plaintiff, and had recovered a judgment for the possession of the land against plaintiff, who had appealed therefrom. Plaintiff had brought suit against said S. A. McPherson for commissions as a broker for the sale of a portion of the land, and this suit was pending. He also asserted a claim against one Frisbie in connection with the same matter. S. A. McPherson had left the state, and plaintiff, Frisbie and defendant met in Oakland at the residence of Frisbie. At this meeting the terms of a settlement were arrived at as between plaintiff and Frisbie. Plaintiff testified that it was also agreed between him and defendant that she would pay him $725 for a release and discharge of his claims against her husband. The parties met the next day at the office of M. C. Chapman, an attorney, where an agreement between plaintiff and Frisbie was drawn up by Chapman and executed by plaintiff and Frisbie. A writing was also drawn in the form of an agreement between plaintiff and defendant. This was neither signed by plaintiff nor defendant, and while the things to be done by plaintiff are fully set forth in the writing, the amount of money to be paid by defendant to plaintiff in consideration thereof is left blank. The writing is unilateral in form, and was only intended to be signed by plaintiff, and recites that ''for and in consideration of the sum of ——— dollars . . . to me in hand paid,'' etc., which is followed by words of present release and discharge of plaintiff's demands against defendant's husband, and covenants to satisfy and discharge of record a certain contract and to dismiss the pending suit against defendant's husband. Plaintiff of course does not rely upon this writing, but testified that both at Frisbie's house and at Mr. Chapman's office defendant orally made the promise to pay him ·

$725. As to what he testified concerning what took place at the office of Mr. Chapman he is supported by the testimony of Mr. Chapman. On the other hand, defendant testified that she made no such promise either at the house of Mr. Frisbie or at Mr. Chapman's office. She only received a copy of the writing to submit to her husband's attorney at San Jose. Her testimony is corroborated by Mr. Frisbie. The effect of his testimony is that no settlement was agreed upon by Mrs. McPherson. She was undecided what to do, and wished to consult her advisers at San Jose before agreeing to a settlement. Defendant testified that she said, ''You can draw up all the papers you wish, but I will never pay it as long as I feel as I do at the present time. . . . The talk all the way through was that I would go to San Jose to see my attorneys before I would decide differently. . . . I did not promise to pay the $725; I was to consult the lawyer before I made any decision whatever.''

The brief of appellant is largely addressed to matters that affect the credit to be given the witnesses. With this, however, this court has nothing to do. That much of the testimony was read from depositions does not affect the rule. But it is fair to say that the testimony was given more than twelve years after the transaction occurred, and it is not surprising that the witnesses are not clear as to everything that was said. It is significant, however, that the amount that it is claimed defendant agreed to pay was not inserted in the document that was prepared as evidence of the settlement. If she had finally agreed to pay $725, no reason appears why the amount should not have been inserted. On the other hand, the leaving of the amount blank is entirely in accord with her claim that she did not agree to any payment, and wished to consult her attorney before agreeing to any settlement.

As the finding that defendant never made the promise sued on is sustained by the evidence, it becomes immaterial as to whether or not the other findings in favor of defendant are supported by the evidence or not. The finding in favor of defendant as to the alleged promise is controlling as to the judgment.

Our attention is also briefly called to some alleged errors in admitting testimony. We find nothing under this head that

would justify a reversal.   Most if not all the rulings objected
to relate to evidence directed to the issue found in favor of
plaintiff.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the
district court of appeal on March 22, 1910.